UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cr-00350-RLW |
| | ) |
| ASHLEY LUCKET, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Ashley Luckett, represented by defense counsel Phil Eisenhauer, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count 1 of the Indictment, the United States agrees to dismiss at the time of sentencing Counts 3 and 6 of the Indictment. In addition, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's wire fraud scheme and conspiracy described in the Indictment, of which the Government is aware

1

at this time. In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that the United States will request a sentence within the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that Defendant may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.

### 3. ELEMENTS:

As to Count 1, the defendant admits to knowingly violating Title 18, United States Code, Section 1349, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

**One**, two or more persons, including Defendant, reached an agreement or came to an understanding to devise, make up, or participate in a scheme to commit wire fraud;

**Two**, Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

**Three**, at the time Defendants joined in the agreement or understanding, Defendant knew the purpose of the agreement or understanding.

2

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Beginning by at least March 1, 2020, and continuing through at least April 30, 2023, in the Eastern District of Missouri, and elsewhere, Defendants Ashley Luckett. Shonta Woods, and Shanay Bolden voluntarily and intentionally conspired to commit wire fraud—specifically to execute a scheme and artifice to defraud and obtain money by means of materially false and fraudulent pretenses, representations, and promises to obtain pandemic assistance dollars from the Missouri Housing Development Commission and third-party participating lenders in the Paycheck Protection Program.

Defendants Bolden, Woods, Luckett—within the Eastern District of Missouri—submitted or caused to be submitted to the MHDC fraudulent applications for rental assistance under the Missouri State Assistance for Housing Relief Program ("SAFHR") program. Those fraudulent SAFHR applications all included the same material misrepresentation: that the defendant who was applying for rental assistance served as the landlord for the tenant listed in the application. In truth and fact, however, Bolden, Woods, Luckett did not serve as the landlords for any tenants, much less as the landlords for the specific tenants listed in their fraudulent applications.

For the at least two fraudulent SAFHR applications caused to be submitted by Luckett within the Eastern District of Missouri, she falsely represented that she was the landlord for the specific tenants included in those applications. In both of those applications — in which Luckett falsely held herself out to be a landlord — she included her home address, cellphone number, email

address, and her Navy Federal Credit Union account number (ending in 6315). She also included the name of the purported tenants (i.e., their means of identification), which was used to generate MHDC numbers for the MHDC grant files. In response to Luckett's fraudulent MHDC applications — and based on Luckett's material misrepresentations within those applications — the MHDC wired a total of $20,400.00 to Luckett's Navy Federal Credit Union bank account (account number ending in 6315).

For the at least eight fraudulent SAFHR applications caused to be submitted by Defendant Shanay Bolden, she falsely represented that she was the landlord for the specific tenants included in those applications. In each of those applications — in which Bolden falsely held herself out to be a landlord — she included her home address, cellphone number, email address, and her Navy Federal Credit Union account number (ending in 0049). Bolden paid Defendant Shonta Woods to electronically submit Bolden's fraudulent SAFHR applications to the MHDC. In response to Bolden's fraudulent SAFHR applications — and based on Bolden's material misrepresentations within those applications — the MHDC wired a total of $126,500.00 to Bolden's Navy Federal Credit Union account (account number ending in 0049). In addition to paying Woods for submitting the fraudulent applications and paying kickbacks to her purported tenants, Bolden spent the proceeds of her fraud on personal items, including purchases that she made at Saks Fifth Avenue. Along with other fictitious tenants, Defendant Bolden falsely and fraudulently represented to the MHDC that she served as the landlord for Defendant Ashley Luckett (Bolden's purported tenant). In truth and fact, however, Bolden did not serve as the landlord for Luckett. After receiving money from the MHDC through fraud, Bolden sent $10,000 of the proceeds to Luckett.

4

Defendant Shonta Woods submitted fraudulent SAFHR applications on behalf of Bolden, Luckett, herself, and others known and unknown to the Grand Jury. In exchange for Woods submitting their fraudulent SAFHR applications, Bolden, Luckett, and others, paid Woods tens of thousands of dollars.

It was further part of the conspiracy and scheme and artifice to defraud that Luckett caused to be submitted (within the Eastern District of Missouri) a fraudulent PPP loan application to Capital Plus Financial, LLC for a catering company named "Checking" on March 30, 2021. Luckett's fraudulent PPP loan application included numerous materially false and fraudulent representations. Among other things, Luckett's fraudulent PPP loan application included the materially false statement that the catering company called Checking had an annual gross income of $96,527.00. In truth and fact, however, Luckett did not own a catering company at all. Based on the material misrepresentations included in Luckett's fraudulent PPP loan application, Capital Plus Financial, LLC completed an interstate wire transfer of $20,107.00 to Luckett's Great Southern Bank account (account number ending in 8399).

The parties concede that Defendant's PPP loan and MHDC payments were benefits authorized, transported, transmitted, transferred, disbursed, or paid in connection with a major disaster declaration under section 401 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5170) or an emergency declaration under section 501 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5191), under Title 18, United States Code, Section 1040.

5

## 5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

## 6. **U.S. SENTENCING GUIDELINES: 2023 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

### a. **Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** As to Count 1, the parties agree that the base offense level is 7, as found in Section 2B1.1(a)(1).

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply as to Count 1:

The parties agree that 6 levels should be added pursuant to Section 2B1.1(b)(1)(G) because the loss exceeds $40,000, but does not exceed $95,000.

The parties agree that 2 levels should be added pursuant to Section 2B1.1(b)(11)(C)(i) because the offense involved Defendant's unauthorized use of her purported means of identification on a fraudulent application for rental assistance to obtain any other means of identification (account number created in connection with application).

The parties agree that 2 levels should be added pursuant to Section 2B1.1(b)(12) because the offense involved conduct described in 18 U.S.C. § 1040.

**b. Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**c. Other Adjustments:** The parties have no further agreement regarding any other adjustments.

**d. Estimated Total Offense Level:** The parties estimate that the total offense level is 14. If the presentence investigation report determines a different total offense level, the parties are permitted to object to or accept any enhancements or reductions in the presentence investigation report.

**e. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f. Effect of Parties' U.S. Sentencing Guidelines Analysis**: The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made above but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining the applicable Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than

8

Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**8. OTHER:**

    **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

    **b. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    **c. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    **d. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

e.  **Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.  Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).  Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.  The defendant agrees to provide full restitution to all victims of all charges in the Indictment.

f.  **Forfeiture:**  The defendant agrees to the forfeiture set forth in the Forfeiture Allegation in the Indictment to which the Defendant is pleading guilty. This agreement includes any items that were seized by law enforcement officials during the course of this investigation. The Defendant also agrees to the entry of a forfeiture money judgment in the amount of restitution determined by the court at sentencing. The Defendant further agrees that the proffer of evidence supporting this guilty plea is sufficient evidence to support such forfeiture.

The Defendant agrees that the Court may enter a consent preliminary order of forfeiture at the time of his guilty plea or at any time before sentencing. The Defendant further agrees that this order will become final as to the Defendant when it is issued and will be part of his sentence pursuant to Fed. R. Crim. P. 32.2(b)(4)(A).

The Defendant agrees that the Government may choose in its sole discretion how it wishes to accomplish forfeiture, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. The Defendant waives all rights to assert any interest in the forfeited property

10

in the future, and will withdraw any prior claims made to forfeited property, whether they were made in a judicial or non-judicial forfeiture process.

The Defendant agrees (i) to assist the Government in identifying all property that is subject to forfeiture, (ii) to take any and all actions necessary to transfer title and ownership of said property to the Government, and (iii) to help the Government to rebut the claims of nominees and/or alleged third party owners, including by testifying truthfully in any judicial forfeiture proceeding.

The Defendant knowingly and intelligently waives all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant further knowingly and intelligently waives any rights the Defendant may have (i) for notice of the forfeiture to be given in the charging instrument, (ii) for a jury or the Court to determine what property is subject to forfeiture, (iii) for the Court to explain the forfeiture at the Defendant's change of plea hearing, and (iv) for the forfeiture to be made part of the oral pronouncement of sentence and included in the judgment.

## 9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives her rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be

protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

12

**10.  VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.  CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.  The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.  NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

13

where the Court rejects those portions of the plea agreement which deal with charges the

Government agrees to dismiss or not to bring.

5/14/2024
_____
Date

_____
Derek Wiseman
Assistant United States Attorney

4|11|24
_____
Date

_____
Ashley Luckett
Defendant

4/11/24
_____
Date

_____
Phil Eisenhauer
Attorney for Defendant

14